**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| PEGGY J. RATAEZYK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  6:17-cv-00357 |
| RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP SERVICES, LLC | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes PEGGY J. RATAEZYK ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

PARTIES

4.  Plaintiff is a 64 year-old natural person residing at 1008 North Valley Mills Drive, Waco, Texas, which falls within the Western District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is engaged in "third party collections" and "collect[s] on primary accounts including self-pay, commercial insurance, and government payers."[1]  Defendant is a limited liability company organized under the laws of the state of Delaware with its registered agent located at 211 East 7th Street, Suite 620, Austin, Texas.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.  In the summer of 2017, Plaintiff began receiving calls to her cellular phone, (254) XXX-3412, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3412.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.receivemorermp.com/solutions/#collections

11. Defendant has mainly used the phone number (800) 299-0045 when placing calls to Plaintiff's cellular phone, but upon belief, it has other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 0045 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular Phone, so Plaintiff was confused as to why Defendant was contacting her.

15. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon a debt owed by an individual named "Maria Medrano."

16. Plaintiff is not familiar with any individual by that name and has informed Defendant as such, and has also demanded that Defendant stop contacting her.

17. Plaintiff even returned Defendant's calls to further reiterate that it was calling the wrong party and that she wanted the calls to stop.

18. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff still received incessant phone calls from Defendant up until the winter of 2017.

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

20. Plaintiff has received not less than 18 phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

3

22.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $49.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls.  However, the communications have continued.

24.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.  Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28.  Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29.  The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

### a.   Violations of FDCPA §1692b & c(b)

30.  The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not

4

communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

31. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named "Maria Medrano."  Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling her. Defendant had more than enough information to know that the number it was calling did not belong to the aforementioned debtor. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 18 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking.  This repeated behavior of systematically calling Plaintiff's phone in spite

5

of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. Plaintiff went so far as to return Defendant's phone calls to reiterate her demand that the contacts cease, yet these demands went unacknowledged.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c.   Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 18 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though Plaintiff was not the debtor. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when, not only did not have consent in the first place, but it was also subsequently told to stop calling.

### d.   Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 18 times and asking to speak with an individual with whom Plaintiff is unfamiliar. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 20 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PEGGY J. RATAEZYK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41.   Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44.   Defendant violated the TCPA by placing at least 18 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

45. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PEGGY J. RATAEZYK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c.   Awarding Plaintiff costs and reasonable attorney fees; and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

**C**OUNT **III – V**IOLATIONS OF THE **T**EXAS **D**EBT **C**OLLECTION **A**CT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

50. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a.  Violations of TDCA § 392.302**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 18 times after Plaintiff notified it to stop calling and after having notice that Plaintiff was not the purported debtor.  This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, PEGGY J. RATAEZYK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2017                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                         Counsel for Plaintiff
Admitted in the Western District of Texas     Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                       Lombard, Illinois 60148
(630) 568-3056 (phone)                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      thatz@sulaimanlaw.com